UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| **BRITTANY THOMAS** | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT NO.** |
| V. | ) | |
| | ) | |
| **BANK OF AMERICA, N.A.** | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Brittany Thomas, (Ms.Thomas), appearing pro se, and complains against the Defendant, Bank of America, N.A.,("BOA"), for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

### I. INTRODUCTION

1. This is an action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), arising from Defendant's willful and negligent failure to conduct a reasonable investigation of disputed credit information after receiving notice from consumer reporting agencies, and its continued reporting of inaccurate and misleading information regarding Plaintiff.

2. Plaintiff seeks actual damages, statutory damages, punitive damages, under 15 U.S.C. § 1681n and 1681o for Defendants' violations of its duties as a furnisher of information Under 15 U.S.C. § 1681s-2(b).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, as Plaintiff's claims arise under the FCRA, a federal statute.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of events or omissions giving rise to Plaintiff"s claims occurred in this District.

## III. PARTIES

5. Plaintiff Brittany Thomas is a natural person who resides in Williamston, South Carolina. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Bank of America is a corporation that regularly conducts business in South Carolina and has a principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28202.

7. Bank of America is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b). Bank of America regularly furnishes consumer information to consumer reporting agencies as described in 15 U.S.C. § 1681s-2.

## IV. FACTUAL ALLEGATIONS

8. On June 25, 2025, Plaintiff was notified of a collection account that was added to her credit report.

9. Upon receiving this notification, Plaintiff pulled her credit reports and began examining all her accounts to verify they were reporting accurately across all three major credit reporting agencies.

10. During this review, Plaintiff discovered significant inconsistencies in how Bank of America was reporting information about her two closed credit card accounts ending in 7286 and 9401.

2

## Initial Dispute Process and Certified Mail Documentation

11. On July 25, 2025, Plaintiff mailed formal dispute letters via certified mail to Bank of America Credit Reporting Disputes department, specifically disputing both accounts ending in 7286 and 9401, citing inconsistent reporting violations under 15 U.S.C. § 1681s-2(b).(see exhibit a).

12. Concurrently, Plaintiff also sent dispute letters to all three major credit reporting agencies Experian, TransUnion, and Equifax - disputing the inconsistent and Inaccurate information being reported for both Bank of America accounts.

13. Plaintiff sent the dispute letter to Bank of America via certified mail tracking number 70212720000141883350, which was received on August 4, 2025.

14. Plaintiff sent the dispute letter to Experian via certified mail tracking number 70212720000141883336, which was received on August 5, 2025.

15. Plaintiff sent the dispute letter to Equifax via certified mail tracking number 70212720000141883343, which was received on August 4, 2025.

16. Plaintiff sent the dispute letter to TransUnion via certified mail tracking number 70212720000141883329, which was received on July 31, 2025.

17. Upon information and belief, the credit reporting agencies forwarded Plaintiff's disputes to Bank of America pursuant to 15 U.S.C. § 1681i(a)(2), yet Bank of America failed to conduct reasonable investigations for all disputed accounts.

18. Plaintiff previously maintained two credit card accounts with Bank of America, ending in 7286 and 9401. Both accounts are closed. Defendant continues to furnish inconsistent,inaccurate, and incomplete information about these accounts to Experian, Equifax,and TransUnion.

19. The inconsistent reporting demonstrates Bank of America's failure to maintain reasonable procedures to assure maximum possible accuracy as required under 15 U.S.C. § 1681S-2(b).

### Account Ending in 7286- Inconsistent Reporting

20. The three credit reporting agencies are reporting conflicting delinquency timelines. Equifax reported April 2023 as 60 days late. while Experian reported April 2023 as 30 days late and TransUnion reported 30 days late in May 2023.

21. Date of First Delinquency: Only Equifax provides a specific date of first delinquency (April 7,2023),while TransUnion and Experian provide no such date, indicating incomplete reporting.

22. Missing Historical Data: Equifax shows " No Data Available" for the entire year of 2020,2021 and January 2022, indicating systematic gasps in account history reporting.

23. Additionally, Bank of America's reporting is internally inconsistent: the account reflects late payments after February 2023, yet also lists the "last payment date" as February 22, 2023. This contradiction demonstrates that Defendant's reporting procedures fail to ensure maximum possible accuracy, as required by the FCRA.

### Account Ending in 9401- Inconsistent Reporting

24. Highest Balance Reporting Error: All three credit reporting agencies are reporting a highest balance of $15,644, which Plaintiff disputes as incorrect, while Bank of America's own records show the charge off balance as $15,182.00.

25. Charge-Off Date Inconsistencies: TransUnion reports the charge-off in September, Equifax reports September, Experian reports September, while Bank of America's official response states the account was charged off on August 24,2023.

4

26. Extensive Missing Historical Data: Equifax shows " No Data Available" for the entire year of 2019, 2020, 2022, and September 2022, representing systematic data gaps spanning multiple years.

27. Payment History Pattern Conflicts: Equifax shows April 2023: 60 days late, May:90 days, June:120 days, July: No data, August: charged off, while Experian shows April: 30 days, May: 30 days, June:90 days, July:120 days.

28. Bank of America's own records list the "last payment date" as March 25, 2023, but still reflect delinquencies reported after that date, which is factually impossible and demonstrates the inaccuracy of the furnished information.

## Credit Reporting Verification of Inconsistent Information

29. Following the initial disputes, all three credit reporting agencies conducted reinvestigations and simply verified the inconsistent information as accurate without addressing the material discrepancies between their respective reports.

30. The credit reporting agencies' verification of materially conflicting information demonstrates their reliance on Bank of America's inadequate procedures and their failure to identify obvious reporting inconsistencies.

## Second Round of Disputes

31. On August 13, 2025, Plaintiff sent second dispute letters to Experian and TransUnion, and on August 15, 2025, sent a second dispute to Equifax, again highlighting the inconsistent reporting across the agencies.(see exhibit b).

32. The second dispute to Equifax was sent via certified mail tracking number 70212720000141883268, which was received on August 20, 2025.

33. The second dispute to Experian was sent via certified mail tracking number 70212720000141883251, which was received on August 21, 2025.

34. The second dispute to TransUnion was sent via certified mail tracking number 70212720000141883459, which was received on August 18, 2025.

35. Despite these follow up disputes clearly documenting the inconsistent reporting patterns and Bank of America's failure to investigate the account ending in 7286, all three credit reporting agencies again verified the conflicting information as accurate, demonstrating their failure to conduct meaningful reinvestigations of the obvious discrepancies.

### Bank of America's Inadequate Response

36. On September 2, 2025, Bank of America provided a response (Case Number: 1117032) that addressed only the account ending in 9401, completely ignoring Plaintiff's dispute regarding the account ending in 7286.(see exhibit c).

37. Bank of America's response claimed all reported information for account 9401 was "accurate," despite the clear inconsistencies across the credit reporting agencies that were specifically identified in Plaintiff's dispute.

38. Bank of America stated the account was charged off on August 24, 2023, with a balance of $15,182.00, contradicting the $15,664 highest balance being reported to all three credit reporting agencies.

### Follow-Up Communication with Bank of America

39. On September 12, 2025, Plaintiff sent a follow-up letter via certified mail pointing out Bank of America's incomplete response and continued FCRA violations, specifically their failure to investigate the account ending in 7286 and their failure to correct the demonstrable inconsistencies. (see exhibit d).

6

## Ongoing FCRA Violations

40. As of the date of this complaint, Bank of America continues to report materially different information about these accounts to different credit reporting agencies, in direct violation of their obligation to maintain reasonable procedures for accurate reporting.

41. Bank of America's systematic inconsistencies include: inaccurate payment histories, missing payment data for extensive time periods, contradictory balance information, inconsistent delinquency reporting patterns, conflicting charge-off dates, and incomplete historical account data.

42. These discrepancies demonstrate Bank of America's failure to maintain reasonable procedures to assure maximum possible accuracy as required under 15 U.S.C. § 1681s-2(b), and their failure to conduct reasonable investigations upon notice of disputes as required under the same statute.

43. The repeated verification of materially inconsistent information by credit reporting agencies, despite multiple disputes documenting clear discrepancies, demonstrates Bank of America's willful disregard for their FCRA obligations and the inadequacy of their dispute investigation procedures.

44. Defendant's conduct has caused Plaintiff significant harm, including but not limited to:
    a. Denials of credit;(see exhibit e).
    b. Emotional distress, anxiety, and embarrassment;
    c. Time and resources spent drafting disputes and corresponding with Defendant and the credit reporting agencies;
    d. Out-of-pocket expenses such as certified mail.

## COUNT I: FAILURE TO MAINTAIN REASONABLE PROCEDURES ( 15 U.S.C. § 1681s-2(b))

45. Plaintiff incorporates all preceding paragraphs as if fully stated herein 1-44.

46. Bank of America violated 15 U.S.C. § 1681s-2(b) by maintaining inadequate procedures that resulted in the systematic reporting of materially different information about the same accounts to different credit reporting agencies, including inconsistent payment dates, delinquency patterns, charge-off dates, and balance information.

## COUNT II: FAILURE TO CONDUCT REASONABLE INVESTIGATION, (15 U.S.C. § 1681s-2(b)(1)(A))

47. Plaintiff incorporates all preceding paragraphs as if fully stated herein 1-46.

48. After receiving notice of Plaintiff's disputes from the credit reporting agencies, Defendant failed to conduct a reasonable investigation of the disputed information.

49. Defendant ignored entire accounts ( such as account ending in 7286) and failed to reconcile obvious contradictions between reported balances, delinquency dates, and payment histories.

50. Defendant's failure to reasonably investigate constitutes a violation of 15 U.S.C. § 1681s-2(b)(1)(A).

## COUNT III: FAILURE TO REVIEW RELEVANT INFORMATION (15 U.S.C. § 1681s(b)(1)(B))

51. Plaintiff incorporates all preceding paragraphs as if fully stated herein 1-50.

52. Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies about Plaintiff's disputes.

53. Had Bank of America conducted a reasonable investigation and reviewed the information

provided by the credit reporting agencies, it would have discovered that the inconsistent reporting across the agencies demonstrated systematic failures in their reporting Procedures.

## COUNT IV. FAILURE TO REPORT INVESTIGATION RESULTS ( 15 U.S.C. § 1681s-2(b)(1)(C))

54. Plaintiff incorporates all preceding paragraphs as if fully stated herein 1-53.

55. Bank of America Violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of its investigation to the credit reporting agencies for the account ending in 7286, providing no response whatsoever despite receiving formal notice of the dispute.

## COUNT V: FAILURE TO REPORT UNVERIFIABLE INFORMATION ( 15 U.S.C. § 1681s-2(b)(1)(D))

56. Plaintiff incorporates all preceding paragraphs as if fully stated herein 1-55.

57. Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report to the credit reporting agencies that the inconsistent information could not be verified as accurate across all agencies.

## COUNT VI: FAILURE TO MODIFY OR DELETE INACCURATE INFORMATION ( 15 U.S.C. § 1681s-2(b)(1)(E))

58. Plaintiff incorporates all preceding paragraphs as if fully stated herein 1-57.

59. Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(E)) by failing to promptly modify, delete, or permanently block the reporting of inaccurate, incomplete, or unverifiable information for both accounts, which it knew or should have known contained material inconsistencies across the credit reporting agencies.

## DAMAGES

60. The inconsistent and inaccurate reporting of Bank of America accounts ending in 7286 and 9401 remains on Plaintiff's credit reports across all three major credit reporting agencies as of the date of this complaint.

61. The presence of the inconsistent and inaccurate account information on Plaintiff's credit reports has been devastating for Plaintiff, causing severe damage to her creditworthiness and overall financial health. The erroneous and conflicting information has cast a shadow over Plaintiff's character, impugning her reputation as a diligent and trustworthy consumer. Bank of America's systematic reporting failures have permeated all aspects of Plaintiff's life, resulting in harms that include:

(a) Denial of credit applications, (see exhibit e), causing Plaintiff to miss out on favorable interest rates and credit opportunities. As a result, Plaintiff has been forced to accept less favorable terms or has been denied access to credit altogether, costing her significant financial opportunities.

(b) Rejection for new credit accounts, depriving Plaintiff of access to credit for everyday expenses and emergencies. This lack of access to credit has forced Plaintiff to deplete her limited savings and has left her financially vulnerable.

(c) Countless hours expended in Plaintiff's efforts to correct the erroneous and inconsistent information reported by Bank of America. Plaintiff has been forced to dedicate an inordinate amount of time and energy to gathering documents, drafting dispute letters, and communicating with Bank of America and the credit reporting agencies, taking her away from her work and personal obligations.

(d) Expenses incurred as a result of Bank of America's violations, including the costs associated with disputing the inaccurate information, such as postage, copying, certified

mail fees, and other incidental expenses. These costs have added to Plaintiff's financial strain and compound the harm she has suffered.

62. The damages caused upon Plaintiff by Bank of America's willful and negligent noncompliance with the FCRA is profound and far-reaching. The FCRA was designed to protect consumers like Plaintiff from the exact type of harm that she has endured. Bank America's disregard for their statutory obligations has upended Plaintiff's financial stability, tarnished her reputation, and caused immense emotional suffering. Plaintiff is entitled to the remedies available under the FCRA to compensate her for her losses and to hold Bank of America accountable for their misconduct.

63. Bank of America's conduct in violating the FCRA was willful, as evidenced by their selective response to disputes, their failure to investigate obvious inconsistencies, and their continued reporting of materially different information across credit agencies despite receiving formal notice of these violations, rendering it liable for actual damages, statutory damages, costs, and fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Bank of America was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that the practices complained of herein are unlawful and violate the FCRA;
2. Award Plaintiff actual damages, statutory damages, and punitive damages against Bank of America for their violations of the FCRA in an amount to be determined at trial;
3. Award Plaintiff costs and reasonable fees as provided under 15 U.S.C. § 1681n or § 1681o;

4. Award any other relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: 10/9/2025

Respectfully submitted,
Brittany Thomas
922 Firetower Road
Williamston, South Carolina 29697